UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

BANK OF AMERICA, N.A.,

    Plaintiff

v.

BERNINI DR TRUST, et al.,

    Defendants

Case No.: 2:16-cv-00474-APG-BNW

**Order (1) Granting Plaintiff's Motion for Summary Judgment, (2) Denying Bernini Dr Trust's Motion for Summary Judgment, (3) Dismissing as Moot Damages Claims against Southern Highlands and Alessi, and (4) Denying as Moot Southern Highlands' Motion for Summary Judgment**

[ECF Nos. 59, 60, 61]

    Plaintiff Bank of America, N.A. sues to determine whether its deed of trust encumbering property located at 10725 Bernini Drive in Las Vegas, Nevada was extinguished by a nonjudicial foreclosure sale conducted by a homeowners association (HOA), defendant Southern Highlands Community Association (Southern Highlands). Defendant Bernini Dr Trust (Trust) purchased the property at the foreclosure sale. Bank of America seeks a declaration that the deed of trust still encumbers the property and it asserts alternative damages claims against Southern Highlands and the foreclosure agent, Alessi & Koenig, LLC (Alessi). Trust counterclaims to quiet title in itself.

    Bank of America, Trust, and Southern Highlands move for summary judgment on a variety of grounds. The parties are familiar with the facts so I do not repeat them here except where necessary. I grant Bank of America's motion and deny Trust's motion because no genuine dispute remains that tender was excused. I dismiss as moot Bank of America's alternative damages claims against Southern Highlands and Alessi, so I deny as moot Southern Highlands' motion for summary judgment.

## I. ANALYSIS

Summary judgment is appropriate if the movant shows "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Fairbank v. Wunderman Cato Johnson*, 212 F.3d 528, 531 (9th Cir. 2000); *Sonner v. Schwabe N. Am., Inc.*, 911 F.3d 989, 992 (9th Cir. 2018) ("To defeat summary judgment, the nonmoving party must produce evidence of a genuine dispute of material fact that could satisfy its burden at trial."). I view the evidence and reasonable inferences in the light most favorable to the non-moving party. *James River Ins. Co. v. Hebert Schenk, P.C.*, 523 F.3d 915, 920 (9th Cir. 2008).

The Supreme Court of Nevada recently resolved a case on materially indistinguishable facts. *7510 Perla Del Mar Ave Trust v. Bank of America, N.A. (Perla)*, No. 75603, 2020 WL 966026 (Nev. Feb. 27, 2020) (en banc). In *Perla*, Bank of America, through its counsel Miles, Bauer, Bergstorm & Winters, LLP (Miles Bauer), sent a letter to the HOA's foreclosure agent, Nevada Association Services, Inc. (NAS) requesting the superpriority amount and offering to pay that amount. *Id.* at *1. NAS received the letter but did not respond to it. *Id.* Instead, NAS proceeded with the foreclosure sale. *Id.* There was evidence that at the time Miles Bauer sent the

letter to NAS, NAS had a policy of rejecting checks "for less than the full amount if it was accompanied by a condition," and Miles Bauer was aware of that policy. *Id.* at *2. The Supreme Court of Nevada held that "[b]ecause NAS had a known policy of rejecting any payment for less than the full lien amount, . . . the Bank's obligation to tender the superpriority portion of the lien was excused, as it would have been rejected." *Id.* at *3. Excuse of tender, like tender itself, cures the default of the superpriority portion of the lien by operation of law. *Id.* at *2 n.1.

Here, Bank of America, through Miles Bauer, sent a letter to Alessi requesting the superpriority amount and offering to pay that amount. ECF No. 59-1. Alessi received that letter but did not respond.[1] ECF Nos. 59-1; 61-5. Alessi's Rule 30(b)(6) witness, David Alessi, testified that during the relevant time period, Alessi would not accept checks from Miles Bauer that had conditional language. ECF No. 61-7 at 6, 8. David Alessi testified that Miles Bauer knew of Alessi's policy. *Id.* at 7. Miles Bauer attorney Rock Jung confirms that based on the many letters he sent to Alessi, he knew that during the relevant time frame Alessi would not accept a check for less than the entire HOA lien amount. ECF No. 61-13. "As a result, [Bank of America] was excused from making a formal tender in this instance because, pursuant to [Alessi's] known policy, even if the Bank had tendered a check for the superpriority portion of the lien, [Alessi] would have rejected it." *Perla*, 2020 WL 966026, at *3. Consequently, Bank of

---

[1] Trust argues there is no evidence Alessi received the letter. David Alessi testified that Alessi did not have in its file any correspondence from Miles Bauer related to this property. ECF No. 71-2 at 2. However, David Alessi also testified that Alessi received so many Miles Bauer letters that the fact that correspondence is not in Alessi's file is not dispositive of whether Alessi received the correspondence. ECF No. 61-7 at 7-8. Jennifer Schuette, an employee of Southern Highlands' management company, avers that the Miles Bauer letter, which was addressed to Southern Highlands in care of Alessi, was found in Southern Highlands' files. ECF No. 59-1 at 2-3. The letter was sent to 9500 West Flamingo Road, Suite 205, which is Alessi's address. *See* ECF No. 60-4. No genuine dispute remains that Alessi received the letter.

3

America "preserved its interest in the property such that [Trust] purchased the property subject to the Bank's first deed of trust." *Id.*

Trust makes several arguments as to why I nevertheless should not grant summary judgment in Bank of America's favor. None precludes the entry of judgment.

**A. Statute of Limitations**

I have previously ruled that the four-year catchall limitation period in Nevada Revised Statutes § 11.220 applies to claims under Nevada Revised Statutes § 40.010 brought by a lienholder seeking to determine whether an HOA sale extinguished a deed of trust. *See Bank of Am., N.A. v. Country Garden Owners Ass'n*, No. 2:17-cv-01850-APG-CWH, 2018 WL 1336721, at *2 (D. Nev. Mar. 14, 2018). The HOA sale took place on October 3, 2012. ECF No. 61-8. Bank of America filed its complaint on March 4, 2016. ECF No. 1. Because Bank of America's complaint was brought within four years of the HOA foreclosure sale, its claim to determine adverse interests in property under § 40.010 is timely.

**B. Adequate Remedy at Law**

Generally, a party cannot obtain an equitable remedy when it has an adequate remedy at law. *Las Vegas Valley Water Dist. v. Curtis Park Manor Water Users Ass'n*, 646 P.2d 549, 551 (Nev. 1982). However, because Bank of America's obligation to tender was excused, Bank of America need not resort to equity to preserve its deed of trust. *Perla*, 2020 WL 966026, at *2 n.1. Even if equitable principles apply, Bank of America seeks not just repayment of its loan, but the right to resort to this particular property as security for repayment. Money damages would not restore Bank of America's lien priority. *See Bank of Am., N.A. v. Diamond Fin., LLC*, 42 N.E.3d 1151, 1156-57 (Mass. 2015) (concluding a legal remedy was inadequate because "money damages would not restore the plaintiff to its rightful senior position"); *Bank of N.Y.*

4

*Mellon v. Withers*, 771 S.E.2d 762, 765 (N.C. Ct. App. 2015) ("Due to land's unique nature, damage claims against individuals are an inadequate substitute for a first position lien on real property.").

### C. Bona Fide Purchaser and Other Equitable Principles

Because Bank of America was excused from making a formal tender, its interest in the property was preserved by operation of law and the HOA foreclosure sale is void as to its deed of trust. *Perla*, 20020 WL 966026, at *2 n.1 & *3; *see also Bank of Am., N.A. v. SFR Investments Pool 1, LLC*, 427 P.3d 113, 121 (Nev. 2018) (en banc) (Because "valid tender cured the default as to the superpriority portion of the HOA's lien, the HOA's foreclosure on the entire lien resulted in a void sale as to the superpriority portion."). A "party's status as a [bona fide purchaser] is irrelevant when a defect in the foreclosure proceeding renders the sale void." *Bank of Am., N.A.*, 427 P.3d at 121. For these same reasons, I do not weigh the equities if tender was excused because "the voiding of the foreclosure sale as to the superpriority portion of the lien is ultimately the result of the operation of law and not equitable relief." *Salomon v. Bank of Am., N.A.*, No. 75200-COA, 2019 WL 3231009, at *2 n.3 (Nev. App. July 17, 2019). Finally, Bank of America "has not waived its right to protect its deed of trust, is not estopped from asserting that right, nor does it have unclean hands because it allowed [the HOA's] foreclosure to proceed without interceding to halt the foreclosure." As discussed above, Bank of America was excused from tendering and the deed of trust was preserved by operation of law. Even if equitable principles applied, Bank of America was excused from satisfying the superpriority portion of the lien before the foreclosure, so it "was under no obligation to intercede or halt the foreclosure once it protected its own interest." *Bank of New York Mellon v.*

5

*Green Valley S. Owners Ass'n*, No. 1, No. 2:17-CV-2024-KJD-EJY, 2019 WL 4393356, at *6 (D. Nev. Sept. 13, 2019).

### D. Summary

In sum, Bank of America has met its initial burden at summary judgment in showing that tender of the superpriority portion of the HOA's lien was excused, thereby rendering the sale void as to the deed of trust. Trust has not presented evidence raising a genuine dispute in response. Consequently, Trust purchased the property subject to the deed of trust. Because Bank of America has prevailed on its declaratory relief claim, I dismiss as moot its alternative damages claims against defendants Southern Highlands and Alessi, and I also deny as moot Southern Highlands' motion for summary judgment.

## II. CONCLUSION

I THEREFORE ORDER that defendant Bernini Dr Trust's motion for summary judgment **(ECF No. 60) is DENIED**.

I FURTHER ORDER that plaintiff Bank of America, N.A.'s motion for summary judgment **(ECF No. 61) is GRANTED**. The clerk of court is instructed to enter judgment in favor of plaintiff Bank of America, N.A. and against defendant Bernini Dr Trust as follows: It is declared that the homeowners association's non-judicial foreclosure sale conducted on October 3, 2012 did not extinguish the deed of trust, and the property located at 10725 Bernini Drive in Las Vegas, Nevada remains subject to the deed of trust.

I FURTHER ORDER that plaintiff Bank of America, N.A.'s alternative damages claims against defendants Southern Highlands Community Association and Alessi & Koenig, LLC are DISMISSED as moot.

I FURTHER ORDER that defendant Southern Highlands Community Association's motion for summary judgment **(ECF No. 59) is DENIED as moot**.

I FURTHER ORDER that the clerk of court is instructed to enter judgment accordingly and to close this case.

DATED this 3rd day of March, 2020.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE